IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT HALLMAN, #2224866, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-198-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Hallman, an inmate confined at the Beto Unit within the Texas Department of Criminal Justice (TDCJ) and proceeding pro se, filed this petition for a writ of habeas corpus complaining of the conditions of his confinement. Petitioner also moved for leave to file his habeas petition. Docket No. 2. The petition was referred to United States Magistrate Judge, the Honorable John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

Judge Love issued a Report recommending that Petitioner's motion for leave to file a habeas petition be denied without prejudice. Docket No. 4. The Report explains that Petitioner Hallman's claims—concerning hygiene, sanitation, the COVID-19 pandemic, and inhumane living conditions at the Beto Unit—sound in civil rights rather than habeas corpus. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (explaining that section 1983 lawsuits are the proper vehicle in which to attack

1

unconstitutional conditions of confinement). Accordingly, the Report also recommends that if Petitioner chooses to proceed with his claims, his lawsuit should be converted into a section 1983 proceeding.

A copy of this Report was sent to Petitioner at his address, with an acknowledgment card. Plaintiff has timely objected. Docket No. 6. Importantly, Plaintiff also subsequently moved for leave to proceed *in forma pauperis*, indicating his desire to proceed with this cause of action as a civil rights case. Docket No. 5.

The Court notes that Petitioner's objections to Judge Love's Report contain arguments and contentions regarding the COVID-19 pandemic and also state: "Petitioner brings this suit in action in order to enforce civil rights that he's presently being deprived of." This statement confirms that Petitioner is raising civil rights claims—particularly because, as Judge Love found, Petitioner repeatedly cites the Eighth Amendment and "cruel and unusual punishment" in his petition. Docket No. 6 at 2, 4; *see also Pierre v. U.S.*, 525 F.2d 933 (5th Cir. 1976) (explaining that the purpose of habeas corpus is to grant relief from unlawful custody or imprisonment—and that it cannot be used for any other purpose).

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit.

Accordingly, it is **ORDERED** that Plaintiff's objections (Docket No. 6) are overruled and the Report of the Magistrate Judge (Docket No. 4) is **ADOPTED** as the opinion of the District Court.  It is also **ORDERED** that the present cause of action shall proceed as a civil rights case, filed pursuant to 42 U.S.C. § 1983.  The Clerk of Court is directed to change the nature of suit in this matter from 530 Habeas Corpus to 550 Prisoner: Civil Suit.  Finally, it is **ORDERED** that Plaintiff's motion to compel an answer to his habeas petition (Docket No. 7) is **DENIED** as **MOOT** for the reasons explained above.

So **ORDERED** and **SIGNED** this **27th** day of **October, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE